**United States Bankruptcy Court
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey   08101-2067**

**JUDITH H. WIZMUR**  
**CHIEF BANKRUPTCY JUDGE**  
(856) 757-5126

April 12, 2007

Jeffrey B. Saper, Esq.
180 Tuckerton Road, Suite 19
Medford, New Jersey  08055

Debra L. Sherlock, Esq.
Reger, Rizzo, Kavulich & Darnall, LLP
Parkview Tower, Suite 250
1150 First Avenue
King of Prussia, PA 19406

> **FILED**
> JAMES J. WALDRON, CLERK
> April 12, 2007
> U.S. BANKRUPTCY COURT
> CAMDEN, N.J.
> BY: Terry O'Brien, Judicial
> Assistant to Chief Judge Wizmur

Re:   Clarence Alfred Reath
      Case No. 04-49188/JHW
      Adversary Proceeding No. 06-1531
      **LETTER OPINION**

Dear Counsel:

You will recall that by opinion filed December 6, 2006, I held open the debtor's motion for sanctions against the plaintiff Jill Cochran for filing and prosecuting Adversary Proceeding no. 06-1531. I rejected the debtor's motion for sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, as well as the debtor's quest to impose sanctions under 11 U.S.C. § 105. I raised the issue of whether sanctions should be imposed against the plaintiff under the inherent authority of the bankruptcy court to impose fee-based sanctions upon attorneys and parties for bad faith litigation conduct. See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed.2d 27 (1991). I offered the parties, particularly the plaintiff, an opportunity to respond directly to my

suggestion that the inherent authority of the court to sanction for bad faith litigation may be invoked in this case. No response was received. I will therefore determine the matter on the record presented.

I will adopt the recitation of facts and applicable law contained in the opinion on the debtor's motion for sanctions filed December 6, 2006. On this record, I believe that a finding of bad faith on the plaintiff's part in filing this adversary complaint and in prosecuting the complaint through dismissal is compelled. The entire complaint was premised upon § 727(d)(1), which requires a court to revoke a discharge if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1). With the assistance of counsel, the plaintiff filed this adversary proceeding, even though each of the three counts alleged in the complaint was premised completely upon facts within the plaintiff's knowledge prior to the granting of the discharge. This complaint was dismissed in its entirety. The complaint was filed following a lengthy trial prosecuted by the plaintiff against the debtor, in which the plaintiff accused the debtor of fraudulent conduct. That complaint also failed. The filing of this groundless complaint, following the prosecution of the first complaint, was done in bad faith. The plaintiff's failure to voluntarily dismiss the case as counts were being dismissed, and as section 727(d) requirements were highlighted,

compounded the bad faith.

In Count One, the plaintiff sought to revoke the debtor's discharge on the ground that the debtor grossly undervalued his residence on the petition, and misstated the ownership of the property. The value of the debtor's residence would have been a matter of public information at the time of the filing of the petition. As well, when the trustee's Notice of Proposed Abandonment was filed in the debtor's case, the plaintiff failed to respond regarding the value of the property, following receipt of notice about the property's value from the trustee. The plaintiff provided no information about her discovery, after the debtor's discharge was issued, of additional facts to shed light on the alleged "gross undervaluation of the debtor's residence on the petition." In addition, the plaintiff never explained, either in the complaint or in the plaintiff's responses to the debtor's motion to dismiss, the alleged fraud in the description by the debtor in his schedules about the nature of the ownership in the property.

In Count Two, the plaintiff alleged fraudulent understatement of the debtor's income, generated from working with his daughter, and the "imputed fair rental value of the commercial buildings" on the debtor's property. Information about the debtor's income was known to the plaintiff from the inception of the case, because the information came from her own business records. Information

about the "imputed fair rental value of the commercial buildings" on the debtor's property would also have been known to the plaintiff, particularly because of her long-standing relationship with the debtor and his stepsister. There is no basis to believe that the plaintiff did not know of the pertinent facts with regard to Count Two until after the granting of such discharge.

Count Three of the complaint alleged that the bankruptcy petition was filed in bad faith because it was filed primarily to eliminate the debt owed to the plaintiff. For the plaintiff to assert this count as a basis for the revocation of the debtor's discharge under § 727(d)(1) was outrageous and totally unfounded. One cannot fathom that the plaintiff did not have access to the contents of the debtor's petition at the time it was filed and that she did not know from the beginning that hers was the primary debt to be discharged in the bankruptcy.

The only conclusion that I can reach is that the plaintiff filed and prosecuted the Adversary Proceeding no. 06-1531 in bad faith, causing the debtor to incur substantial legal fees to defend the action. I believe that a sufficient basis exists to shift the burden of those fees upon the plaintiff based on the inherent authority of the court to sanction a party for bad faith litigation. Debtor's counsel has submitted an affidavit of services reflecting that the time spent on this adversary proceeding, at the very reasonable rate of $150 an hour, was $8,130.00. That amount may be awarded to the debtor and entered as a judgment against the plaintiff.

4

Debtor's counsel is requested to submit an order in conformance herewith.

Very truly yours,

*[signature]*

JUDITH H. WIZMUR
CHIEF U.S. BANKRUPTCY JUDGE

JHW:tob